IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVE P. VALDEZ,

    **Plaintiff,**

v.                                                                           Case No. 1:12-cv-177 WDS

**MICHAEL J. ASTRUE,**
Commissioner of Social Security
Administration,

    **Defendant.**

# **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum* [Doc. 20], filed August 2, 2012. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security who determined that Plaintiff is not eligible for benefits. Having considered Plaintiff's motion, Defendant's response [Doc. 22], Plaintiff's reply [Doc. 23], the administrative record and applicable law, the Court concludes that Plaintiff's motion should be GRANTED.

## **I. Background**

Plaintiff was born August 25, 1966. Tr. 93. He attended 12 years of high school and has past work experience as a jailer and as a housekeeper. Tr. 111, 115.

Plaintiff applied for disability insurance benefits and supplemental security income in March 2008. Tr. 93–99. He claimed disability due to back problems with an alleged onset date of March 15, 2007. Tr. 42, 93. Plaintiff's applications were denied initially in September 2008, and on reconsideration in December 2008. Tr. 41–51, 54. Plaintiff

requested a hearing before an Administrative Law Judge (ALJ). Tr. 52. The hearing was held November 3, 2009. Plaintiff was not represented.

On February 23, 2010, the ALJ issued a written decision denying benefits. Tr. 22–28. Plaintiff appointed an attorney representative who filed a request for review by the Appeals Council on his behalf. Tr. 15–18. The Appeals Council denied the request for review, Tr. 1–5, thus rendering the ALJ's decision the final decision of the Commissioner from which Plaintiff now appeals pursuant to 42 U.S.C. § 405(g).

## II.  Legal Standards

This Court may only review the Commissioner's decision to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation marks and citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quotation marks and citation omitted). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.*

A sequential five-step analysis applies in determining whether an adult claimant is

disabled and entitled to benefits under the Social Security Act. *See Williams v.* Bowen, 844 F.2d 748, 750–52 (10th Cir. 1988); 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* at 750–51. If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 751. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Williams*, 844 F.2d at 751. If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity (RFC) "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision and Plaintiff's allegations of error

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 15, 2007.  Tr. 24.  At step two, the ALJ found that Plaintiff had the following severe impairment:  degenerative disc disease.  Tr. 24.  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or equals the severity of a listed impairment.  Tr. 25.

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work and that he was capable of performing his past relevant work as a housekeeper and jailer.  Tr. 25–28.  The ALJ thus denied benefits at step four.

Plaintiff makes three allegations of error:  (1) the ALJ failed to develop the record; (2) the RFC is not supported by substantial evidence; and (3) the ALJ failed to perform a proper past work analysis.

### IV.  Discussion

The ALJ committed legal error by failing to obtain pertinent, available medical records that came to his attention during proceedings involving an unrepresented claimant.  Accordingly, this case must be remanded.

Plaintiff appeared *pro se* at the hearing before the ALJ.  Tr. 35.  In an apparent effort to elicit confirmation that the record was complete, the ALJ questioned Plaintiff as follows at the beginning of the hearing:

ALJ:   .... Prior to the hearing did you have a chance to review your file?

> Pltf: No, sir. Not on the disk.
>
> ALJ: Were, were you mailed a disk?
>
> Pltf: Yes, sir, but I, I don't have a computer for - I couldn't get into the – we tried the computer at the library, but I called to Fort Worth and they told me I needed a, what was it called, a confirmation number and the lady told me I didn't need one and I couldn't get into my files.
>
> ALJ: Well, do you need some more time or do you want to go ahead with the hearing today?
>
> Pltf: I guess I'll go ahead.

Tr. 35–36. The ALJ then admitted a number of exhibits and proceeded to examine Plaintiff and then a vocational expert. Tr. 36–40.

Unlike the typical judicial proceeding, "a social security disability hearing is nonadversarial ... with the ALJ responsible in every case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation and quotation marks omitted). Generally, this means that the ALJ must obtain "pertinent, available medical records which come to his attention during the course of the hearing." *Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996) (citations omitted). This "duty of inquiry" takes on special urgency when the claimant is unrepresented. *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987).

In this case, Plaintiff had records on a disk and told the ALJ he had been unable to

access them. The record before the Court does not disclose the contents of the disk and the Court will not speculate as to what it contained.[1] Regardless of the contents of the disk, the Court concludes Plaintiff's testimony was sufficient to alert the ALJ that the completeness of the record was not confirmed and accordingly trigger a duty to inquire further, especially because Plaintiff was not represented.

In addition to Plaintiff's testimony, the ALJ had reason to suspect the record was not complete: the record before the ALJ positively disclosed the existence of medical evidence that was available but had not been obtained. A questionnaire filled out by Dr. William A. Gaspar, apparently one of Plaintiff's treating physicians, identified by date four examinations over a period of several months in 2008 and 2009. Tr. 213. The records of these four examinations are among the documents attached to Plaintiff's brief but they were not before the ALJ. [Doc. 20-1 at 2–5.]

Though the ALJ did not have the records, he nevertheless specifically referenced them in his decision. He stated: "[Dr. Gaspar] pointed out that the claimant had four examinations dated between November 2008 and July 2009[.] Tr. 27. It is apparent the ALJ did not have the records of the four examinations because he noted a year-long gap in the medical record coinciding with the time period of the four examinations. Tr. 27 ("The record then jumps [from August 2008] to August 2009, when Dr. William A. Gaspar completed a questionnaire

---

[1] Plaintiff has attached to his brief seventeen pages of records consisting of the treatment notes of Dr. William A. Gaspar, prescriptions, the results of an esophagogastroduodenoscopy performed on Dr. Gaspar's referral, and laboratory results. [Doc. 20-1 at 2–18.] Several of these records are for treatment that occurred after the hearing. [Doc. 20-1 at 11-12, 14–15.]

and concluded that the claimant should not perform 'heavy lifting' due to chronic back pain.")

Despite observing both a one-year gap in the record and Dr. Gaspar's reference to four examinations occurring during that time, the ALJ proceeded to discount Dr. Gaspar's opinion on the grounds that Dr. Gaspar "did not detail any specific findings or pathology yielded from those [four] examinations." Tr. 27. The Court concludes this was legal error requiring remand.

Defendant argues the ALJ's decision should be affirmed because the record before the ALJ was sufficiently complete despite the missing records and supports the ALJ's findings. Defendant's first argument is that the ALJ was not bound by Dr. Gaspar's opinion that Plaintiff is disabled. His second argument is that the ALJ properly discounted Dr. Gaspar's opinion because Dr. Gaspar's opinion is inconsistent with the other medical evidence. In support of this argument, Defendant points to evidence in the record that supports the ALJ's conclusion that Plaintiff is not disabled.

While it is true that a decision regarding whether a claimant is disabled is reserved for the Commissioner, Dr. Gaspar also stated that Plaintiff was not to engage in heavy lifting, a medical opinion the ALJ was obliged to consider though not necessarily accept. 20 C.F.R. § 404.1527 (b),(d),(e). The ALJ did nominally consider Dr. Gaspar's opinion, but discounted it on a record that was manifestly incomplete. Evaluating a medical opinion requires considering a series of specific factors. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1215 & n.7

(10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)-(6)).  Absent Dr. Gaspar's missing treatment records, the ALJ cannot have properly evaluated Dr. Gaspar's opinion.

The Court cannot supply the missing analysis.  Evaluating the evidence and determining the weight to afford medical opinions is outside the confines of the Court's authority on review of an administrative agency's decision. *See Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (court is empowered only to review the ALJ's decision to determine if it is supported by substantial evidence).  The Court cannot, without usurping the administrative tribunal's role, decide in the first instance the weight to afford the opinion of a treating physician.

Finally, Defendant argues that the error was harmless because the additional records from Dr. Gaspar would not have changed the ALJ's decision.  The Court declines to undertake a harmless error analysis.  First, a harmless error analysis is largely impossible here because a significant portion of the additional records attached to Plaintiff's brief are illegible to the Court.  Second, it is not appropriate to engage in harmless error analysis based on material the ALJ did not consider.  "[T]o the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative agency action[.]" *Allen*, 357 F.3d at 1145 (citation omitted).

The Court concludes the ALJ committed legal error by failing to obtain evidence that the record disclosed was missing.  The failure to obtain the missing records precluded a

8

proper assessment of Dr. Gaspar's opinion. Because this error suffices as grounds for remand, the Court does not reach Plaintiff's remaining arguments.

IT IS THEREFORE ORDERED that Plaintiff's *Motion to Reverse and Remand for Rehearing* [Doc. 20], filed August 2, 2012, is **GRANTED.**

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**